UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS A. VAZQUEZ-DIAZ,

                 Petitioner,

       -against-

UNITED STATES OF AMERICA,

                 Respondent.

23-CV-10639 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Luis A. Vazquez-Diaz, who is currently confined at the Medical Center for Federal Prisoners in Springfield, Missouri, filed this action *pro se*. On January 10, 2024, the Court construed the submission as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, and transferred the petition to the United States District Court for the Western District of Missouri. (ECF 3.) On January 17, 2024, the Clerk of Court electronically transmitted this action to the Western District of Missouri, which received the case on the same day. *See Vazquez-Diaz v. United States*, No. 6:24-CV-3019 (W.D. Mo. Jan. 23, 2024).[1] On January 30, 2024, the Court received from Petitioner a letter (ECF 6), a "Motion to Show Cause" (ECF 5), and an "Affidavit" (ECF 7).

The Court liberally construes these submissions as a motion for reconsideration under Local Civil Rule 6.3 and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b).[2] *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy*

---

[1] By order dated January 23, 2024, Judge Roseann A. Ketchmark of the Western District of Missouri denied the petition without prejudice. Vazquez-Diaz, No. 6:24-CV-3019, Dkt. 5.

[2] The Court does not construe Petitioner's submission as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) because no judgment has been entered in this action. *See* Fed. R. Civ. P. 59(e).

*v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the Petitioner's submissions, the Court denies the motion.

## DISCUSSION

### A.    Jurisdiction

Because this case has been transferred, the Court first considers whether it has jurisdiction to consider Petitioner's motion. Normally, the transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court, however, retains jurisdiction over the action if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995).

Under the "prison mailbox rule," courts generally treat documents submitted by individuals who are incarcerated as deemed filed on the date that the individual delivers the document to the prison authorities for mailing. *See Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). "[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order). Courts have applied the prison mailbox rule to individuals who are civilly committed to a facility. *See Boatman v. Berreto*, 938 F.3d 1275, 1276 (11th Cir. 2019) (prison mailbox rule in Fed. R. App. P. 4(c)(1) applies to a civilly committed person); *Brown v. Taylor*, 829 F.3d 365, 369 (5th Cir. 2016) (sex offender civilly committed under Texas law was functionally a prisoner for purposes of prison mailbox

2

rule); *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004) (prison mailbox rule in Fed. R. App. P. 4(c)(1) applies to a civilly committed person). Although the Second Circuit has not addressed the issue, the Court assumes for the purposes of this order that the prison mailbox rule applies to a civilly committed person in a facility, such as Petitioner.

Petitioner's letter and affidavits were signed on January 15, 2024. (ECF 6, 7.) Because those documents are deemed filed before this action was transmitted to the transferee court on January 17, 2024, this Court has jurisdiction to consider the motion. Petitioner signed his "motion to show cause" on January 22, 2024, however, which is after the case was transmitted to the transferee court. In light of Petitioner's *pro se* status, the Court will liberally construe this document as a supplement to Petitioner's timely filed motion for reconsideration.

## B.    Motion for Reconsideration under Local Civil Rule 6.3

A party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

Petitioner has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the Court's January 10, 2024 transfer order. In his submissions, Petitioner does not allege any facts or cite any legal authority. He instead requests that the Court take various actions such as directing the federal district court in Missouri to show cause why it dismissed Petitioner's previous case in that court, and transferring Petitioner to a new facility. The Court therefore denies Petitioner's motion under Local Civil Rule 6.3.

**C.       Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or

judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time
> to move for a new trial under Rule 59(b); (3) fraud (whether previously called
> intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing
> party; (4) the judgment is void; (5) the judgment has been satisfied, released, or
> discharged; it is based on an earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or (6) any other reason justifying
> relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one

year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P.

60(c)(1).

The Court has considered Petitioner's arguments, and even under a liberal interpretation

of his motion, Petitioner has failed to demonstrate that any of the grounds listed in the first five

clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Petitioner seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also

denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in

clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v.

Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot

circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the

residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was

filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief."

*Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per

curiam) (citation omitted).

Petitioner has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 6, 7) is denied. The Clerk of Court is directed to terminate all pending matters.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 2, 2024
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge